UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMADOU BHOYE SOW,

                    Plaintiff,

    -against-

PS INTERNATIONAL, LTD.,

                  Defendant.
------------------------------------------------------------X

**COMPLAINT**
CIVIL ACTION NO. 08 CV 04114
**JURY TRIAL DEMANDED**

The plaintiff, complaining of the defendant, by its attorneys, Watters & Svetkey, LLP., respectfully shows to this Court and alleges:

**JURISDICTION IS FOUNDED UPON DIVERSITY OF CITIZENSHIP**

1. This action arises under Federal Diversity Jurisdiction.

2. This is an action seeks recovery for breach of oral agreement/contract in the amount of $167,930.00.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being Venue is proper pursuant to 28 U.S.C. § 1391 (b) (1&2).

4. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

**PARTIES**

5. That the plaintiff is AMADOU BHOYE SOW, an individual with his principal offices located at Conakry BP 3546, Guinea

6. Upon information and belief, the defendant, PS INTERNATIONAL, LTD is a domestic corporation with its principal offices located at 1414 Raleigh Road Suite 205, Chapel Hill, North

Carolina, USA.

7.      Upon information and belief, the defendant, PS INTERNATIONAL, LTD, has an office located in New York City and conducts and does business in New York City and New York State.

**STATEMENT OF FACTS**

BACKGROUND

8.      PLAINTIFF is an individual who buys and sells sugar and other commodities world wide.

9.      In March, 2006 plaintiff by oral agreement with defendant, ordered for immediate delivery a shipment of 10 containers of sugar from Brazil to Conakry, Guinea.

10.     On or about March 29, 2006 defendant delivered and plaintiff fully paid for the 10 containers of sugar.

11.     On or about April 12, 2006 plaintiff by oral agreement ordered from Defendant for immediate delivery a second shipment of 10 containers of sugar to be delivered by May, 2006.

12.     On or about May 19, 2006, defendant had plaintiff sign an order form for the shipment of previously ordered on April 12, 2006 and for an additional 10 containers to be delivered 30 days after receipt of the 10 containers ordered on April 12, 2006.

13.     On or about early June, 2006, defendant notifies plaintiff that 10 containers of sugar would be arriving in Conakry, Guinea on June 9, 2006.

14.     On or about June 19, 2006, plaintiff picks up and pays for shipment of 10 containers delivered by defendants to Conakry, Guinea, constituting the May, 2006 order.

15.     On or about early July, 2006, defendant notifies plaintiff that they have delivered a sugar shipment that had actually arrived the same time as the previous shipment, which was the June 19, 2006 delivery.

16.  Plaintiff pays full price for the second June 19, 2006 shipment of 10 containers plus fees and demurage.

17.  On or about early June, 2006, defendant sends two additional sugar shipments to Conakry, Guinea.

18.  Plaintiff is unaware of and has not ordered these two additional sugar shipments.

19.  Plaintiff is billed for and charged demurrage fees plus costs for these two un-requested sugar shipments.

20.  Plaintiff pays full price for the sugar shipment delivered on or about June 18, 2006, believing that the payment is to be applied to the May, 2006, sugar shipment.

21.  Defendant refuses to release to plaintiff the 10 container sugar shipment plaintiff orally contracted for on or about April 12, 2006, to be delivered on or about early May, 2006 unless plaintiff submits payment for the two additional 10 container shipments delivered but which plaintiff had not ordered.

22.  Defendant thereafter sold the unordered sugar shipments which defendant claims plaintiff ordered to another merchant.

23.  Defendant has not returned the $167,930.00 plaintiff paid for this sugar shipment despite plaintiffs demand that this money be returned.

24.  By letter dated June 4, 2007, plaintiff initially indicated that they would be seeking arbitration of the dispute pursuant to contractual agreement.

25.  This was based upon a review of a confirmation of sale dated May 19, 2005 that contains an arbitration provision.

26.  Plaintiff's attorneys learned subsequent to the notice of arbitration that the confirmation of

sale does not apply to any actual sugar shipment. The May 19, 2005 writing was not an actual contract between the parties. The May 19, 2005 writing merely was a facsimile of contracts offered by defendant to proposed purchasers. There was no transaction or contract entered into between the parties prior to the oral contract of March, 2006.

27. Plaintiff submits that the June, 2006 sugar shipment that plaintiff paid for and did not obtain is subject to the oral agreement between the parties and is not subject to the arbitration clause in the May 19, 2005 confirmation of sale.

28. By letter dated October 5, 2007, plaintiff notified defendant that it was determined that there was no mandatory arbitration governing disputes for these transactions and that plaintiff would be seeking return of its money through litigation in federal court unless the matter could be resolved through settlement.

29. Upon determination that the parties could not agree to settle this dispute, this action has been commenced based upon the events set out above.

AS AND FOR A FIRST CAUSE OF ACTION

BREACH OF CONTRACT

30. Plaintiff AMADOU BHOYE SOW repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "28" of this Complaint, with the same force and effect as if more fully set forth herein.

31. By reason of the foregoing alleged conduct, defendant has breached its contract with plaintiff.

32. By reason of the foregoing, plaintiff, has been injured and damaged in the sum of $167,930.00.

AS AND FOR A SECOND CAUSE OF ACTION

UNJUST ENRICHMENT

33. Plaintiff AMADOU BHOYE SOW repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "31" of this Complaint, with the same force and effect as if more fully set forth herein.

34. By reason of the foregoing alleged conduct, defendant has obtained and withheld funds from plaintiff without providing for any goods or services as required by their contract and thereby has unjustly enriched itself with money belonging to plaintiff.

35. By reason of the foregoing, plaintiff, has been injured and damaged in the sum of $167,930.00.

    JURY TRIAL DEMANDED

    WHEREFORE, plaintiff demands judgment against the defendant on the First Cause of Action in the sum of ONE HUNDRED AND SIXTY SEVEN THOUSAND NINE HUNDRED THIRTY ($ 167,930.00) DOLLARS, and plaintiff demands judgment against the defendant on the Second Cause of Action in the sum of ONE HUNDRED AND SIXTY SEVEN THOUSAND NINE HUNDRED THIRTY ($ 167,930.00) DOLLARS and that the Court issue any such other and further relief as this Court deems just and proper;

Dated: April 28, 2008
     New York, New York

                                    Kyle B. Watters (KBW 1895)
                                    Watters & Svetkey, LLP
                                    Attorney for Plaintiff
                                    286 Madison Avenue - Suite 1800
                                    New York, New York 10017
                                    (212) 679-8999