Richard A. Zimmerman, Esq.
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
Richard A. Zimmerman (RZ 0963)
(212) 962 -1818
Patrick C. Crilley (PC 9057)
*Of Counsel*
(212) 619-1919

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
AMADOU BHOYE SOW,                        ECF CASE

               Plaintiff,              08 Civ. 4114 (CM)

    -against-

PS INTERNATIONAL, LTD.                   MEMORANDUM OF LAW

              Defendant.
-------------------------------------------------------x

MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION
TO COMPEL ARBITRATION IN LONDON
AND STAY THIS NEW YORK ACTION

July, 7, 2008

# TABLE OF CONTENTS

Preliminary Statement ................................................................................ 1

Facts ........................................................................................................... 1

Argument

    I. PLAINTIFF SHOULD BE COMPELLED TO PARTICIPATE IN A
       FOREIGN ARBITRATION UNDER THE NEW YORK CONVENTION ....... 2

    II. THE PRESENT ACTION SHOULD BE STAYED
        PENDING ARBITRATION ............................................................ 3

Conclusion .................................................................................................. 4

# TABLE OF AUTHORITIES

Statutes

9 U.S.C. §201, *et seq.*, The New York Convention................................................. 2

9 U.S.C. §1, *et seq.*, The Federal Arbitration Act ................................................... 2

Cases

*U. S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*, ................................ 3
241 F.3d 135 (2d Cir. N.Y. 2001)

## Preliminary Statement

Defendant, PS International, LTD. ("PSI"), respectfully submits this memorandum of law in support of its motion to compel arbitration in London and stay the present New York action, pursuant to the Federal Arbitration Act, 9 U.S.C. §1 and the New York Convention, codified at 9 U.S.C. §201 *et seq.*

## Facts

This matter is presently before the Court on the Verified Complaint of plaintiff Amadou Bhoye Sow, believed to be, at all material times, the president, director or chief executive office of the company Ets. Sow Amadou Bhoye Et Freres, ("ETS SOW") a company existing under the laws of the Republic of Guinea, with offices at Madina Ecole, Conakry BP 3546, Guinea. (Thomas Dec. paragraph 4.) [1]

There were three trades entered into with ETS SOW, for a total of 50 containers at approximately 27 metric tons per container, of Brazilian sugar to be delivered to ETS SOW in Conakry, Guinea. (Thomas Dec. paragraph 5.) There is no dispute regarding the first trade, entered into on March 9, 2006, nor does PSI dispute the fact that there was no arbitration agreement covering the first trade. (Thomas Dec. paragraphs 6-11.)

The second and third trades with ETS SOW entered into on or about April 12, 2006 and May 19th, 2006, each contained the following arbitration agreement:

> ALL DISPUTES ARISING OUT OF THE CONTRACT SHALL BE SUBMITTED TO THE REFINED SUGAR ASSOCIATION OF LONDON FOR SETTLEMENT IN ACCORDANCE WITH THE ARBITRATION RULES OF THE ASSOCIATION.

(See: Thomas Dec. Exhibits "D" & "F".)

---

[1] References to the Thomas Dec. are references to the Declaration of Birgitta Thomas, an international sugar trader at PSI, which declaration was executed on July 2, 2008 in support of the motion to compel arbitration.

1

Disputes have arisen between the two parties with respect to both the April 12, 2006 trade and the May 19th, 2006 trade. These disputes should be heard before an arbitration tribunal in London in accordance with the arbitration agreement contained in the contracts.

## ARGUMENT

### I.

### PLAINTIFF SHOULD BE COMPELLED TO PARTICIPATE IN A FOREIGN ARBITRATION UNDER THE NEW YORK CONVENTION

The United States is a signatory to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), and the enacting legislation is codified at 9 U.S.C. §201 *et seq.* "An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title[2], falls under the Convention." 9 U.S.C. §201.

Furthermore, "An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. §203.

It is in the power of this Court to compel the Plaintiff to proceed with an arbitration in London under 9 U.S.C. §206, which reads,

---

[2] 9 USCS §2 reads: A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

2

> § 206. Order to compel arbitration; appointment of arbitrators
> A court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States. Such court may also appoint arbitrators in accordance with the provisions of the agreement.

The Second Circuit Court of Appeals, in applying the New York Convention, has held that

> An agreement to arbitrate exists within the meaning of the Convention and the FAA if: (1) there is a written agreement; (2) the writing provides for arbitration in the territory of a signatory of the convention; (3) the subject matter is commercial; and (4) the subject matter is not entirely domestic in scope. See Smith/Enron Cogeneration Ltd. Partnership, Inc. v. Smith Cogeneration Int'l, Inc., 198 F.3d 88, 92 (2d Cir. 1999); see also 9 U.S.C. § 202. Upon finding that such an agreement exists, a federal court must compel arbitration of any dispute falling within the scope of the agreement pursuant to the terms of the agreement.

*U. S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*, 241 F.3d 135 (2d Cir. N.Y. 2001).

Applying these enumerated requirements to our facts provides the result that Plaintiff be compelled to arbitrate in London. The contracts in question contain a written arbitration agreement; we do not believe the parties would dispute that England is a party to the New York Convention; the subject matter of the contracts are certainly commercial; and the scope of the subject matter is international, the sale of sugar from Brazil to Guinea.

## II.

## THE PRESENT ACTION SHOULD BE STAYED PENDING ARBITRATION

In addition to compelling the Plaintiff to arbitrate in London, the Court may stay the

present action pending the results of the London arbitration, all in accordance with 9 U.S.C §208, which provides that the provisions of the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*, shall have residual application to the provisions of the New York Convention.

The Federal Arbitration Act, at 9 U.S.C. §3, provides:

> § 3. Stay of proceedings where issue therein referable to arbitration
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

As the sales contracts of April 12, 2006 and May 19th, 2006, between Plaintiff and Defendant are certainly contracts involving commerce which contain written arbitration agreement, the parties should abide both those agreements and arbitrate their disputes in London in accordance with those agreements.

In light of the foregoing, Defendant PSI respectfully requests that the Plaintiff be compelled to arbitrate in London and that this present action be stayed until such arbitration has been had in accordance with the terms of the agreement.

## CONCLUSION

For all the foregoing reasons, PSI respectfully requests that its motion to compel arbitration be granted, that the present action be stayed pending completion of the London arbitration and that PSI be granted such other and further relief as the Court deems just and proper in the premises.

Dated: New York, New York
July 7, 2008

                                        Respectfully submitted,

                                        Patrick C. Crilley (PC 9057)
                                        Of Counsel to
                                        Richard A. Zimmerman (RZ 0963)
                                        Attorney for Defendant
                                        233 Broadway – Suite 2202
                                        New York, NY 10279
                                        (212) 619-1919

To:   Kyle B. Watters, Esq.
       WATTERS & SVETKEY, LLP
       Attorneys for Plaintiff
       286 Madison Avenue – Suite 1800
       New York, NY 10017
       (212) 679-8999

5