UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AMADOU BHOYE SOW,

                                                          DECLARATION
                      Plaintiff,               CIVIL ACTION NO. 08 CV 04114
                                                          (CM)

   -against-

PS INTERNATIONAL, LTD.,

                      Defendant.
-------------------------------------------------------------X

      I, Kyle B. Watters, hereby declare under penalty of perjury pursuant to 28 USC section 1746:

1.    I am the attorney for plaintiff.

2.    This affirmation is submitted in opposition to defendant's motion to compel arbitration in London and to stay this action in New York.

3.    The motion must be denied.

4.    The fundamental question for this Court is whether the documents submitted establish that the parties had a meeting of the minds and in fact agreed to arbitrate any dispute arising from an May 19, 2006 order for the purchase and sale of sugar. The documents produced for the court purport to cover three transactions between the parties. The first defendant concedes involves a contract on or about March 9, 2006

that did not include an arbitration clause.  Defendant's motion papers, Brigitta Thomas declaration paragraph 7.

5. The second resulted from an arrangement entered on or about April 12, 2006. It is represented by an invoice signed by plaintiff that does not contain an arbitration provision.  Defendant's Motion papers, Exhibit C.  The invoice does note that "our formal contract will follow", but that formal contract attached as defendant's Exhibit D is unsigned by plaintiff.

6. The third transaction dates to around May 19, 2006.  Defendant's Exhibit F purports to contain the plaintiff's signature for that agreement but excludes the first page.

7. The question of whether or not the parties agreed to arbitrate disputes concerning this transaction is for this Court to decide.  If on the papers submitted there exists an issue of fact concerning whether there was a meeting of the minds between the parties and thus an agreement to arbitrate the disputes arising from this transaction the motion to compel arbitration must be denied.  A trial would be required to resolve the issue. See Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003).

8. The court in Par-Knit Mills, Inc. V. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3rd Cir. 198), elaborates further that,

> Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect. If there is doubt as to whether such an agreement exists, the matter, upon a proper and timely demand, should be submitted to a jury. Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement. The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.

9. Plaintiff contends that the submissions of the parties thus far establish that there was no express, unequivocal agreement to arbitrate and that the motion to compel should be denied. At the least, these materials, raise an issue of fact concerning whether the parties agreed to arbitrate disputes requiring that the matter be submitted to a jury to resolve.

10. As noted in the complaint, the first order for the purchase and delivery of sugar in March, 2006 is not at issue in the suit. Although there is no dispute about the purchase and payment for this shipment, the circumstances surrounding it bear on the determination of whether or not there was an agreement to arbitrate any disputes arising from the subsequent transaction.

11. Most significantly, and as conceded by defendant, there was no agreement to arbitrate set out in the writings exchanged by the parties for the first shipment. That there might have been an arbitration agreement between the defendant and the

supplier of the sugar that would be provided to plaintiff, in no way binds plaintiff. It has no bearing as well on what the parties agreed to concerning their relationship.

12. The April 12, 2006, agreement to purchase and ship sugar between plaintiff and defendant is represented by defendant's Exhibit C. This is an invoice that does not include an arbitration clause. The invoice indicates that, "our formal contract will follow", but this notation does not provide any notice that an agreement to arbitrate would be a condition of the purchase and sale. Indeed, the contract for the March 9, 2006 shipment contains no arbitration provision. It therefore would be reasonable for plaintiff to assume that the "formal contract" to follow the invoice would not require arbitration as a condition for the agreement.

13. The defendant notes that the April 12, 2006 confirmation of sale includes an arbitration clause but the copy of the contract provided as defendant's Exhibit D is not signed by plaintiff.

14. In this regard the court can take into account that defendant does not allege that there had been an ongoing relationship between the parties pre-dating the initial contract. The inclusion of an arbitration clause in past agreements might have provided some evidence of the parties intent in entering similar subsequent agreements. The opposite must be concluded since the March 9, 2006 transaction, the first between the parties, did not contain an arbitration clause. This agreement

initiating the relationship contains the terms from which it could be assumed future dealings would be based.

15. Further, defendant makes no claim that inclusion of an arbitration provision is a standard or common industry practice. Plaintiff, moreover, was entering this business for the first time as of the March 9, 2006 sale and purchase and would not have had knowledge of common industry practice if it existed. He also denies ever intending to include an arbitration clause as part of these transactions and such a provision was never discussed between the parties. See Plaintiff's affidavit annexed hereto as Exhibit 1.

16. Finally, the inclusion of an arbitration clause in the contract following the invoice that contained no reference to such a clause or indication that the parties had agreed to one orally, and since their only prior dealing did not mention or require arbitration of disputes, constitutes a material alteration in the agreement to plaintiff's detriment. So too would its inclusion in the subsequent sale and purchase dated May 19, 2006.

17. The cost of arbitration is prohibitive. Plaintiff would have to spend $24,000.00 just to initiate the proceedings. The amount in controversy is the $167,930.00 plaintiff paid for a sugar shipment unreturned by defendant despite plaintiff's demand that this money be returned. This fact not only demonstrates that the addition of an

arbitration clause is a material alteration to the parties agreement but reinforces plaintiff's claim that there could be no meeting of the minds to contract for the inclusion of an arbitration clause since it would make no business sense to do so.

18.   Accordingly, plaintiff respectfully requests that this Court deny, on the papers submitted, defendant's motion to compel arbitration and for an order staying these proceedings.

19.   In the alternative, plaintiff requests that the Court order a jury trial pursuant to 9 USC section 4 to resolve any factual issues necessary to decide defendant's application, at which plaintiff can testify, if necessary, concerning his understanding of the terms of the agreement and the absence on his part of any knowledge of or intent to arbitrate disputes arising from the transaction at issue.

Dated:   July 24, 2008
         New York, New York

Kyle B. Watters (KBW 1895)
Watters & Svetkey, LLP
Attorney for Plaintiff
286 Madison Avenue - Suite 1800
New York, New York 10017
(212) 679-8999