UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMADOU BHOYE SOW,

                                    AFFIDAVIT
               Plaintiff,         CIVIL ACTION NO. 08 CV 04114
                                    (CM)

   -against-

PS INTERNATIONAL, LTD.,

               Defendant.
------------------------------------------------------------X

     I, Amadou Bhoye Sow, being duly sworn, deposes and states:

1.    I am the plaintiff in the above action.

2.    I have reviewed the statements made in the complaint as well as those contained in the attorney declaration submitted in opposition to defendant's motion to compel arbitration in London and to stay this action in New York and believe them to be true based upon my personal knowledge.

3.    As stated in those documents, at no time in my conversation with defendant's representatives was I told about an arbitration provision. I never agreed orally to any such agreement. There was none contained in the documents for the first deal we entered into.

4. The first agreement contained no arbitration clause, the second shipment order was confirmed by an invoice dated April 12, 2006 which did not contain an arbitration clause. Although it notes that a formal contract would follow, I had no reason to believe that such a contract would contain an arbitration provision. Indeed, the previous agreement did not contain one so I had no reason to believe that it would be added to any subsequent transaction.

5. Although I received the confirmation for the April 12, 2006 purchase and sale that included an arbitration clause, I do not believe I ever signed that document. I had no intention of agreeing to arbitration. It did not occur to me to object to the provision since the first sale and purchase had taken place without a problem. So too was my understanding of the terms of the agreement for the third shipment.

6. The March 9, 2006 agreement with defendant was my first dealings with the defendant company. In fact, I had no prior experience in the importing of sugar until that time. I was unaware of industry practice and/or custom.

7. Finally, it would have made no sense for me to agree to arbitration. The cost of initiating such proceedings is $24,000.00. The funds expended for the sugar shipment at issue was $167,930.00. It would make no business sense to agree to such an expenditure for the adjudication of disputes as part of the contract.

8.    Accordingly, based upon the papers submitted, I am respectfully requesting that the Court deny defendant's application and allow for my law suit to go forward or otherwise to order a trial on the issue of whether the parties agreed to arbitrate disputes arising from the aforementioned transaction.

                                                    _____
                                                    Amadou Bhoye Sow

Sworn to before me this
_____ day of July, 2008

_____
NOTARY PUBLIC