Richard A. Zimmerman, Esq.
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
Richard A. Zimmerman (RZ 0963)
(212) 962 -1818
Patrick C. Crilley (PC 9057)
*Of Counsel*
(212) 619-1919

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AMADOU BHOYE SOW,                                    ECF CASE

                Plaintiff,                         08 Civ. 4114 (CM)

       -against-                                     **DECLARATION OF**
                                                            **DAVID BARNETT**
PS INTERNATIONAL, LTD.

                Defendant.
------------------------------------------------------------x

                **Pursuant to 28 U.S.C. §1746, David Barnett declares as follows:**

    1. I reside at 15 Oxford Road, Teddington, Misddlesex, United Kingdom, TW11 0QA.

    2. I am a Fellow of the Chartered Institute of Arbitrators of the United Kingdom, as well as a Fellow of the Institute of Chartered Shipbrokers and an Associate Member of the Nautical Institute.

    3. I am qualified to sit as an arbitrator for the Refined Sugar Association of London ("RSA"), the London Maritime Arbitrators Association and several other trade groups and arbitration services in the United Kingdom. I respectfully refer the Court to the attached Exhibit "1" for a more detailed list of my credentials, qualifications and arbitration experience.

    4. I am familiar with the defendant in this action and have, on previous occasions, acted for the defendant as an independent Trade Representative, presenting claims on the defendant's

behalf before various trade and/or arbitration associations here in the United Kingdom. I am also the defendant's nominated arbitrator to the RSA panel of member designated arbitrators. Nevertheless, I had no personal interest in the outcome of any of those previous claims and I have no personal interest in the outcome of the present dispute between the plaintiff and the defendant.

5. I am familiar with the RSA Rules Relating to Arbitration and I present this declaration to advise the Court on the expected costs to initiate arbitration under the RSA Rules Relating to Arbitration.

6. I note here that the RSA has recently introduced a Short Form Arbitration in addition to its standard arbitration procedure. The main difference is under the Short Form Arbitration the arbitrators will limit themselves to issuing a final award without providing a reasoned award. The Short Form Arbitration, it is anticipated, will thus result in lower overall costs to the parties.

7. The cost to initiate the arbitration, whether one uses the standard procedure or the new Short Form procedure, is £1,000 for RSA members and £2,000 for non-members. These fees are non-refundable registration fees payable to the RSA.

8. When the claim is submitted, the RSA requires an advance payment of £5,000 on account of the Associations fees, costs and expenses. This amount includes the registration fees noted above in paragraph 6.

9. The RSA will refund any unused portion of the advance payment, particularly if the matter is not complicated (e.g. a simple demurrage claim or a claim for an admitted sum). Conversely, if the matter proves to be more complicated and the arbitrators need to spend more time dealing with the issues, the RSA might ask for a further payment on account as the arbitration progresses.

10. If the parties employ the Short Form Arbitration, which provides only an award without reasons, it is more likely that further advance payments would not be required, particularly in the absence of the appointment of a legal adviser for the RSA arbitrators.

11. In any event, the out of pocket initial costs to initiate the arbitration should not exceed the £5,000 payment on account required by the RSA. That equates to approximately U.S. $10,000.00 (United States Dollars Ten Thousand) at the present prevailing exchange rates.

12. I also point out that, in accordance with section 63 of the English Arbitration Act 1996, RSA arbitrators may determine by award the recoverable costs of the parties on such basis as they think fit. In short, this means that under normal circumstances, an award of costs will follow for the prevailing party in the arbitration.

13. RSA arbitration is considered a speedy and efficient form of dispute resolution, providing the interested parties a significantly more economical means of resolving disputes than is ordinarily available through litigation in the court system.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

_____
David Barnett

Executed on August 1, 2008
Teddington, Middlesex
United Kingdom