Richard A. Zimmerman, Esq.
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
Richard A. Zimmerman (RZ 0963)
(212) 962 -1818
Patrick C. Crilley (PC 9057)
*Of Counsel*
(212) 619-1919

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | |
|---|---|
| AMADOU BHOYE SOW, | ECF CASE |
| Plaintiff, | 08 Civ. 4114 (CM) |
| -against- | **REPLY DECLARATION OF ATTORNEY** |
| PS INTERNATIONAL, LTD. | **PATRICK C. CRILLEY** |
| Defendant. | |

-------------------------------------------------------x

**Pursuant to 28 U.S.C. §1746, attorney Patrick C. Crilley declares as follows:**

1. I am attorney duly licensed to practice law in the State of New York and before this honorable Court.

2. I make this Reply Declaration in support of PSI's motion to compel arbitration in London in accordance with the terms of the underlying contract of sale.

3. Further, I make this Reply Declaration to put before the Court certain documents which the Court should consider when determining what weight, if any, should be given to the statements of the Plaintiff in this action.

4. At paragraph 1 of Plaintiff's as yet undated Affidavit in Opposition to the instant motion, Plaintiff states,

> "I have reviewed the statements made in the complaint as well as those contained in the attorney declaration submitted in opposition to defendant's motion to compel arbitration in London and to stay this action in New York and believe them to be true based upon my personal knowledge."

We point out that the Plaintiff's own affidavit is incorporated as Exhibit "1" to his attorney's declaration, and, accordingly the Plaintiff is stating the contents of his own affidavit to be true as well.

5. Attached please find as Exhibit "J" a copy of the Complaint filed in this action. Throughout the Complaint (see paragraphs 9, 10, 21 & 27) the Plaintiff refers to "oral agreements" and misleads this Court that no written agreements were concluded between the parties. We shall discuss this matter further in our Reply Memorandum of Law.

6. Attached hereto as Exhibit "K" is a copy of Plaintiff's attorneys' letter to our office dated May 7, 2007 wherein plaintiff's attorney "representing Amadou Bhoye Sow" confirms his client's agreement to arbitrate, stating, "Dave Kuntarich [PSI] has asserted a right to Arbitration of this matter. If that continues to be his position, my client will not object to use that forum."

7. Attached hereto as Exhibit "L" is a copy of Plaintiff's attorneys' letter to our office dated June 4, 2007, wherein Plaintiff's attorneys provide to PSI Plaintiff's "Notice of Intention to Submit to Arbitration" in accordance with the Refined Sugar Association's Rules Relating to Arbitration.

8. And for good order, we attach hereto as Exhibit "M" a copy of Plaintiff's attorneys' letter dated October 5, 2007, wherein Plaintiff's attorneys advise PSI that, in their opinion "no mandatory arbitration provision applies to the dispute between the parties."

9. My purpose here is to put these documents in evidence before the Court. I shall discuss their significance to this motion in our Reply Memorandum of Law.

**I declare under penalty of perjury that the foregoing is true and correct.**

                                              Patrick C. Crilley (9057)

Executed on August 4, 2008
New York, New York

Case 1:08-cv-04114-CM    Document 18    Filed 08/04/2008    Page 4 of 15

**Exhibit "J"**

**JUDGE McMAHON**         **08 CV 4114**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

AMADOU BHOYE SOW,

                          Plaintiff,

    -against-

PS INTERNATIONAL, LTD.,

                         Defendant.
-----------------------------------------------------------X

**COMPLAINT**
CIVIL ACTION NO.
**JURY TRIAL DEMANDED**


RECEIVED
MAY 0 1 2008
U.S.D.C. S.D.N.Y.
CASHIERS

The plaintiff, complaining of the defendant, by its attorneys, Watters & Svetkey, LLP., respectfully shows to this Court and alleges:

**JURISDICTION IS FOUNDED UPON DIVERSITY OF CITIZENSHIP**

1. This action arises under Federal Diversity Jurisdiction.

2. This is an action seeks recovery for breach of oral agreement/contract in the amount of $167,930.00.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being Venue is proper pursuant to 28 U.S.C. § 1391 (b) (1&2).

4. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

**PARTIES**

5. That the plaintiff is AMADOU BHOYE SOW, an individual with his principal offices located at Conakry BP 3546, Guinea

6. Upon information and belief, the defendant, PS INTERNATIONAL, LTD is a domestic corporation with its principal offices located at 1414 Raleigh Road Suite 205, Chapel Hill, North

1

Carolina, USA.

7. Upon information and belief, the defendant, PS INTERNATIONAL, LTD, has an office located in New York City and conducts and does business in New York City and New York State.

## STATEMENT OF FACTS

BACKGROUND

8. PLAINTIFF is an individual who buys and sells sugar and other commodities world wide.

9. In March, 2006 plaintiff by oral agreement with defendant, ordered for immediate delivery a shipment of 10 containers of sugar from Brazil to Conakry, Guinea.

10. On or about March 29, 2006 defendant delivered and plaintiff fully paid for the 10 containers of sugar.

11. On or about April 12, 2006 plaintiff by oral agreement ordered from Defendant for immediate delivery a second shipment of 10 containers of sugar to be delivered by May, 2006.

12. On or about May 19, 2006, defendant had plaintiff sign an order form for the shipment of previously ordered on April 12, 2006 and for an additional 10 containers to be delivered 30 days after receipt of the 10 containers ordered on April 12, 2006.

13. On or about early June, 2006, defendant notifies plaintiff that 10 containers of sugar would be arriving in Conakry, Guinea on June 9, 2006.

14. On or about June 19, 2006, plaintiff picks up and pays for shipment of 10 containers delivered by defendants to Conakry, Guinea, constituting the May, 2006 order.

15. On or about early July, 2006, defendant notifies plaintiff that they have delivered a sugar shipment that had actually arrived the same time as the previous shipment, which was the June 19, 2006 delivery.

16.     Plaintiff pays full price for the second June 19, 2006 shipment of 10 containers plus fees and demurage.

17.     On or about early June, 2006, defendant sends two additional sugar shipments to Conakry, Guinea.

18.     Plaintiff is unaware of and has not ordered these two additional sugar shipments.

19.     Plaintiff is billed for and charged demurrage fees plus costs for these two un-requested sugar shipments.

20.     Plaintiff pays full price for the sugar shipment delivered on or about June 18, 2006, believing that the payment is to be applied to the May, 2006, sugar shipment.

21.     Defendant refuses to release to plaintiff the 10 container sugar shipment plaintiff orally contracted for on or about April 12, 2006, to be delivered on or about early May, 2006 unless plaintiff submits payment for the two additional 10 container shipments delivered but which plaintiff had not ordered.

22.     Defendant thereafter sold the unordered sugar shipments which defendant claims plaintiff ordered to another merchant.

23.     Defendant has not returned the $167,930.00 plaintiff paid for this sugar shipment despite plaintiffs demand that this money be returned.

24.     By letter dated June 4, 2007, plaintiff initially indicated that they would be seeking arbitration of the dispute pursuant to contractual agreement.

25.     This was based upon a review of a confirmation of sale dated May 19, 2005 that contains an arbitration provision.

26.     Plaintiff's attorneys learned subsequent to the notice of arbitration that the confirmation of

3

sale does not apply to any actual sugar shipment. The May 19, 2005 writing was not an actual contract between the parties. The May 19, 2005 writing merely was a facsimile of contracts offered by defendant to proposed purchasers. There was no transaction or contract entered into between the parties prior to the oral contract of March, 2006.

27. Plaintiff submits that the June, 2006 sugar shipment that plaintiff paid for and did not obtain is subject to the oral agreement between the parties and is not subject to the arbitration clause in the May 19, 2005 confirmation of sale.

28. By letter dated October 5, 2007, plaintiff notified defendant that it was determined that there was no mandatory arbitration governing disputes for these transactions and that plaintiff would be seeking return of its money through litigation in federal court unless the matter could be resolved through settlement.

29. Upon determination that the parties could not agree to settle this dispute, this action has been commenced based upon the events set out above.

AS AND FOR A FIRST CAUSE OF ACTION

BREACH OF CONTRACT

30. Plaintiff AMADOU BHOYE SOW repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "28" of this Complaint, with the same force and effect as if more fully set forth herein.

31. By reason of the foregoing alleged conduct, defendant has breached its contract with plaintiff.

32. By reason of the foregoing, plaintiff, has been injured and damaged in the sum of $167,930.00.

4

AS AND FOR A SECOND CAUSE OF ACTION

UNJUST ENRICHMENT

33. Plaintiff AMADOU BHOYE SOW repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "31" of this Complaint, with the same force and effect as if more fully set forth herein.

34. By reason of the foregoing alleged conduct, defendant has obtained and withheld funds from plaintiff without providing for any goods or services as required by their contract and thereby has unjustly enriched itself with money belonging to plaintiff.

35. By reason of the foregoing, plaintiff, has been injured and damaged in the sum of $167,930.00.

JURY TRIAL DEMANDED

WHEREFORE, plaintiff demands judgment against the defendant on the First Cause of Action in the sum of ONE HUNDRED AND SIXTY SEVEN THOUSAND NINE HUNDRED THIRTY ($ 167,930.00) DOLLARS, and plaintiff demands judgment against the defendant on the Second Cause of Action in the sum of ONE HUNDRED AND SIXTY SEVEN THOUSAND NINE HUNDRED THIRTY ($ 167,930.00) DOLLARS and that the Court issue any such other and further relief as this Court deems just and proper;

Dated: April 28, 2008
       New York, New York

_Kyle B. Watters_

Kyle B. Watters (KBW 1895)
Watters & Svetkey, LLP
Attorney for Plaintiff
286 Madison Avenue - Suite 1800
New York, New York 10017
(212) 679-8999

**Exhibit "K"**

# WATTERS & SVETKEY, LLP.

Kyle B. Watters
Attorney at Law

21 East 40th Street, Suite 1800
New York, New York 10016

Jonathan Svetkey
Attorney at Law

Tel. (212) 679-8999
Fax (212) 679-9791

May 4, 2007

Richard Zimmerman, Esq.
Attorney for PS International, Ltd.
233 Broadway
New York, New York  10279

RE:  Amadou Bhoye Sow, sugar shipments

Dear Richard Zimmerman,

    I am sending this letter pursuant to our telephonic conversation of last week. I am the attorney representing Amadou Bhoye Sow regarding what is, apparently, a contractual dispute with PS International, Ltd.

    I am informed by Mr. Sow that he has remitted to PS International, Ltd a total of $ 167,930.00(USD) for which he has received no sugar product. Mr. Sow is seeking the return of his funds. PS International, Ltd. is asserting a right to the funds as offset for losses due to an alleged breach of agreement by Mr. Sow. Mr. Sow denies any breach on his part.

    I am enclosing copies of all pertinent documents that are in my possession at this time. My client is anxious to move forward as quickly as possible to regain his funds remitted in good faith. Dave Kuntarich has asserted a right to Arbitration of this matter. If that continues to be his position, my client will not object to use of that forum.

    Thank you in advance for your prompt attention to this matter.

Sincerely,

Kyle B. Watters

KBW/mh
CC: Amadou Bhoye Sow

Exhibit "L"

Case 1:08-cv-04114-CM   Document 18   Filed 08/04/2008   Page 12 of 15

# WATTERS & SVETKEY, LLP.

Kyle B. Watters
Attorney at Law

286 Madison Avenue, Suite 1800
New York, New York 10017

Jonathan Svetkey
Attorney at Law

Tel (212) 679-8999
Fax. (212) 679-9791

June 4, 2007

Richard Zimmerman, Esq.
Attorney for PS International, Ltd.
233 Broadway
New York, New York  10279

RE:  Amadou Bhoye Sow, sugar shipments

Dear Richard Zimmerman,

I am sending this letter as a "Notice of Intention to Submit to Arbitration". I am providing this Notice in accordance with The Refined Sugar Association's Rules Relating To Arbitration, Rule 2.

Pursuant to our telephonic conversation of late April, you indicated that you are the attorney representing PS International, Ltd.

Mr. Sow has remitted to PS International, Ltd a total of $ 167,930.00(USD) for which he has received no sugar product. Mr. Sow is seeking the return of his funds. Mr. Sow denies any breach on his part.

I have previously provided copies of all pertinent documents that are in my possession at this time. I will be submitting a formal request for arbitration upon the expiration of seven days from the date of this Notice.

Thank you in advance for your prompt attention to this matter.

Sincerely,

Kyle B. Watters

KBW/mh
CC: Amadou Bhoye Sow

**Exhibit "M"**

## WATTERS & SVETKEY, LLP.

Kyle B. Watters
Attorney at Law

286 Madison Avenue, Suite 1800
New York, New York 10017

Jonathan Svetkey
Attorney at Law

Tel (212) 679-8999
Fax. (212) 679-9791

October 5, 2007

Richard Zimmerman, Esq.
Attorney for PS International, LTD.
233 Broadway
New York, New York 10279

RE: Amadou Bhoye Sow, sugar shipments

Dear Richard Zimmerman,

    I am writing this letter to notify you that, after review of the transactions related to this matter with my client, I have determined no mandatory arbitration provision applies to the dispute between the parties. Consequently, it is my intention to seek the return of my clients $ 167,930.00 in Federal District Court, Southern District of New York.

    If you client is willing to proffer a reasonable offer in advance of initiation of formal litigation, I am willing to relate any such offer to my client. Please let me know how you wish to proceed.

Sincerely,

Kyle B. Watters

KBW/mh
CC: Amadou Bhoye Sow